### TENA JONES ET AL. *v.* HARRIET GURLIE ET AL.

TITLE. *From obligor in title-bond.* *Invalid assignment of bond.* *Homestead rights.* *Bonâ fide purchaser.*

J., having a bond for title to his homestead, upon which was due a small balance of purchase-money, assigned the same to F. to indemnify him on account of being bail for J. F., though he suffered no loss on such account, assigned the bond to P., who then obtained a conveyance of the legal title to the land from G., the obligor in the bond for title. Thereupon P., for a valuable consideration, sold and conveyed the land to B. J. having died, his heirs seek to have these assignments and conveyances set aside, and to obtain a complete title from G. on payment of the balance of the purchase-money due, on the ground that J.'s assignment, having been made without the joinder of his wife, is void, and because, as alleged, the other assignments and conveyances were accepted by the assignees and grantees therein, with notice of complainants' rights and with intent to defraud them. *Held,* that B. acquired the legal title to the land from G. through P., and holds it independently of the assignments of the title-bond; and as the proof fails to show that he purchased with constructive notice or actual knowledge of complainants' equitable rights, he cannot be affected thereby.

APPEAL from the Chancery Court of Jackson County.

HON. SYLVANUS EVANS, Chancellor.

Freeman Jones, having a bond for title executed by Harriet

Gurlie to a certain tract of land for which he owed a small balance of purchase-money, on the 25th of May, 1878, assigned this bond to Willis Fransberry to secure him against loss by reason of his having become bail for Jones' appearance at court to answer an indictment. The land embraced in the bond was occupied by Jones as a homestead, he being the head of a family and having a wife; and his wife having failed to join in the assignment of the bond, this court held, upon a former appeal in this case, that the assignment was invalid. See 61 Miss. 423. On the 2d of June, 1879, Fransberry, though he had suffered no loss by being bail for Jones, assigned and transferred the bond for title to J. B. Payne, who took the same, as was said by this court in 61 Miss. at page 428, " with full notice of the terms on which it was held by Fransberry." On the 4th of June, 1879, Harriet Gurlie, for a valuable consideration, deeded to Payne the land covered by the title-bond. In May, 1880, Payne conveyed this land, upon a valuable consideration, to Adam Blumer.

Some time subsequently to these transactions Tena Jones, the widow of Freeman Jones, and her children filed the bill in this case (which was afterward amended as indicated in the opinion of this court in 61 Miss. 423) against Harriet Gurlie, J. B. Payne, Adam Blumer, and Willis Fransberry, for the purpose of having cancelled the several assignments of the title-bond, the deed from Mrs. Gurlie to Payne, and that from him to Blumer, on the ground that such assignments (except that from Jones to Fransberry) and the deeds referred to were accepted by the assignees and grantees therein with full notice of the rights of the complainants and with the intent to defraud complainants, and for the further purpose of compelling Mrs. Gurlie to execute to complainants a deed to the land in controversy upon payment by the complainants of the balance of the purchase-money due by them. The defendants each, severally, answered the bill. Blumer claimed to be a purchaser of the land for value and without notice or knowledge of the rights of the complainants in respect thereto.

At the final hearing of the case the complainants adduced testimony to show that they were in possession of the land at the time

of Blumer's purchase, and the defendants produced much evidence tending to show that Payne, by his tenant, was in possession at that time. It is not deemed necessary to set out this mass of testimony. The effect of it as viewed by this court is stated in the opinion. The court below rendered a personal decree against Payne and in favor of the complainants, but dismissed the bill as to Mrs. Gurlie and Adam Blumer. From that part of the decree dismissing the bill as to Harriet Gurlie and Adam Blumer the complainants appealed to this court.

*L. Brame*, for the appellants.

1. The property was the homestead of Freeman Jones. The instrument by which defendants claim it was incumbered was executed May 25, 1878. Tena Jones was at that time under all the disabilities imposed upon married women, and the homestead could only be conveyed or incumbered in the mode and according to the formalities provided by the statute. The evidence makes the very case in which this court held the transfer of the title-bond as a conveyance of the homestead invalid. 61 Miss. 423.

2. I submit that Blumer cannot be considered an innocent purchaser. Possession is notice to the world of the claim and title of the occupant. *Edmondson* v. *Orr*, 12 S. & M. 641 ; *Jones* v. *Soggins*, 37 Miss. 646. Whatever is sufficient to *excite attention or put a party upon inquiry* is notice of everything to which such attention or inquiry might lead. *McLeod* v. *Bank*, 42 Miss. 99 ; *Parker* v. *Foy*, 43 Miss. 260 ; *Buck* v. *Paine*, 50 Miss. 648.

*L. Brame* also made an oral argument.

*Ben Lane Posey*, for Blumer, one of the appellees.

The record contains deeds which show that Adam Blumer holds the legal title to the land, and shows also that he holds the equitable title as an innocent purchaser.

The union in one person of the legal and the equitable title makes his title impregnable to all assaults.

The court below holds Blumer to be clearly an innocent purchaser without notice, and this finding should not be lightly reversed. But it is sustained by the clearest evidence—indeed, there is no evidence to the contrary.

CAMPBELL, J., delivered the opinion of the court.

The appellee, Adam Blumer, acquired the legal title of Mrs. Gurlie, and did not hold under Freeman Jones and Tena Jones, but independently of them. Therefore he was not affected by the invalidity of the transfer of the title-bond made by Jones, by reason of the failure of Tena Jones to sign the transfer.

The only question as to Blumer is, Was he a *bonâ fide* purchaser without notice of the claim of Tena Jones and her children? We think he was. Tena Jones did not have that sort of possession of the land requisite to operate as notice of an equitable claim, and there is nothing to show that Blumer had actual notice.

*Affirmed.*